James HEPPERLE, Plaintiff-Appellant,

v.

SOUTHERN METHODIST UNIVERSITY and University Park, Texas, Defendants-Appellees.

James HEPPERLE, Plaintiff-Appellant,

v.

James A. JOHNSTON et al., Defendants-Appellees.

Nos. 75–4080, 75–4081 and 75–4082 Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 17, 1976.

---

**3.** The sellers' rights as against the trustee are adequately treated by Judge Ingraham's opinion, *see* 510 F.2d at 152–153.

\* Rule 18, 5th Cir. See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5th Cir. 1970, 431 F.2d 409, Part I.

James Hepperle, pro se.

Dick P. Wood, Dallas, Tex., for University Park, Tex.

H. Dudley Chambers, Dallas, Tex., for J. A. Johnston.

Frank J. Scurlock, Robert F. Ritchie, John H. McElhaney, Dallas, Tex., for SMU.

Robert G. Vial, Dallas, Tex., for R. E. Alexander.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In these cases, which have been consolidated by this court for review on appeal, plaintiff-appellant Hepperle sought damages for alleged false arrest and imprisonment, breaches of contracts, slander and other asserted wrongs. Appellant has proceeded *pro se* and, fairly read, his actions are based on 42 U.S.C. § 1983.

■ In case No. 75–4080 appellant sued Southern Methodist University and the City of University Park, Texas. The district court dismissed this action against Southern Methodist University because there was a lack of state action. Likewise, that court held that appellant had not stated a cause of action against the city because it was not a "person" within the meaning of § 1983. *See City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). The district court did not err in its conclusions and the judgment is affirmed. See Local Rule 21.[1] The order heretofore entered by this court denying the motion to strike appellant's brief and directing that appellee city's motion to dismiss the appeal be carried with the case is amended, and said motion is denied in its entirety.

■ In case No. 75–4081 appellant sued Attorneys Johnston and Alexander. The district court denied appellee Johnston's motion to dismiss. This order is not a final judgment under 28 U.S.C.

---

1. *NLRB v. Amalgamated Clothing Workers of America,* 430 F.2d 966 (5th Cir. 1970).

§ 1291 and is not appealable,[2] *see, e. g., Catlin v. United States,* 324 U.S. 229, 89 L.Ed. 911, 65 S.Ct. 631 (1945); *New Amsterdam Casualty Co. v. B. L. Jones & Co.,* 254 F.2d 917 (5th Cir. 1958). Accordingly, the appeal in case No. 75–4081 is dismissed.

 In case No. 75–4082 appellant sued Attorneys Johnston and Alexander and Southern Methodist University. The district court dismissed the action against Alexander and the University, but refused to dismiss entirely as to Johnston. This order is not a final judgment under 28 U.S.C. § 1291 and is not appealable, absent a determination and direction by the district court pursuant to F.R.C.P. 54(b). Such a determination and direction have not been made here. Accordingly, the order is not immediately appealable and the appeal in this case, No. 75–4082, is dismissed. *See, e. g., Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Anderson v. Robinson,* 494 F.2d 45 (5th Cir. 1974).

It is so ordered.

---

2. Why *plaintiff* seeks to appeal the *denial* of the motion to dismiss this cause is not obvious.

