James HEPPERLE, Plaintiff-Appellant,

v.

James A. JOHNSTON et al., Defendants,

Southern Methodist University,
Defendant-Appellee.

No. 76–2210
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1976.

Rehearing Denied Jan. 20, 1977.

James Hepperle, pro se.

Frank J. Scurlock, Univ. Atty., Robert F. Ritchie, John H. McElhaney, Dallas, Tex., for appellee.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

This case is presently before us to review a decision of the district court granting a dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The case must be remanded for further proceedings hereinafter set out.

On March 3, 1975, the plaintiff, James Hepperle, appearing *pro se* filed this diversity suit against, *inter alia,* the defendant, Southern Methodist University (SMU). Plaintiff alleged that he had been slandered and libeled by SMU and that it threatened to further publish its slander if he filed suit. The plaintiff specifically complained of a conversation which allegedly occurred on February 5, 1974, and of the fact that SMU allegedly maintained a libelous file on him.

On April 4, 1975, SMU moved for a more definite statement on the part of the plaintiff pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. On May 5, 1975, prior to a ruling on SMU's motion, the plaintiff filed a "preliminary answer to defendant SMU's motion for more definitive statement, and [a] motion for discovery." Therein, plaintiff revealed that he had been aware of the fact that SMU maintained a file on him since 1971. On this same day the district court granted SMU's motion for a more definite statement. Thus, on May 20, 1975, the plaintiff further expanded on his contentions in a "preliminary answer to 'order upon motion of Southern Methodist University for a more definite statement.'" In this document the plaintiff stated that he believed "that SMU slandered me with University Park police and with Dallas police in slanderously alleging that I am a dope pusher." Furthermore, plaintiff asserted that it was his belief that SMU had further published' parts of the allegedly libelous file to SMU students and their relatives. The plaintiff maintained that production of SMU's file on him was necessary before he could more specifically set out instances of SMU's publication of the alleged libel and slander.

On August 19, 1975, the district court *sua sponte* ordered SMU dismissed for failure of the plaintiff to state a cause of action. The district court noted that the plaintiff admittedly had known of the existence of the allegedly libelous and slanderous file on him maintained by SMU since 1973. The Court thus held that "the statute of limitations has run on the mere presence of the file and its inter office use as, according to Plaintiff's own admissions, it has been in existence since 1973." The case is before us to review this decision of the district court.

Before dismissing a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must be satisfied "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In addition, a trial judge is to employ less stringent standards in assessing *pro se* pleadings such as those filed by the plaintiff here than would be used to judge the final product of lawyers. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Under these guidelines we conclude that dismissal of the complaint in this case was improper, and we must remand to allow the plaintiff an opportunity to bolster his claims with proof.

Article 5524 of the Texas Revised Civil Statutes provides in part:

There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward, all actions or suits in courts of the following description:

(1) Action for . . . injuries done to the character or reputation of another by libel or slander.

The district court concluded that since the plaintiff had admittedly known of the existence of SMU's file on him for well over a year, his cause of action against SMU was

barred by the limitations statute. While we have little quarrel with the district court's conclusion regarding plaintiff's knowledge, we are constrained to hold that his construction and interpretation of the plaintiff's pleadings were much too narrow.

For example, the district court was of the opinion that the act of circulating an interoffice memorandum, along with its resulting permanent presence in office files, was a single publication with such publication occurring when the memorandum was first distributed. Even assuming this to be a correct statement of Texas law, it does not necessarily follow that the plaintiff is barred by the statute of limitations even though he has known of the existence of the file for well over one year. Thus, if an interoffice memorandum was *distributed* within one year of the filing of this suit, then the plaintiff's cause of action would not be barred. That is, if SMU had published an interoffice memorandum subsequent to March 3, 1974, which libeled the plaintiff, the plaintiff's suit would not be barred by the one year statute of limitations, even though the interoffice memorandum merely republished libelous material already contained in SMU's permanent file. Otherwise, the publication of libelous material would be immunized by a prior publication.

In addition, the plaintiff asserted on information and belief that he had been libeled and slandered to University Park police, Dallas police, and SMU students and their relatives. While the plaintiff gives no specific instances, we cannot say beyond doubt that the plaintiff can prove no set of facts in support of his claim.

In remanding this case to the district court, we do not suggest that a trial will be necessary. A wide range of pre-trial procedures is available to the district judge as tools for assessing the factual basis of the claims asserted. These include pre-trial hearings and the summary judgment procedure. As long as plaintiff's rights under the Federal Rules of Civil Procedure remain inviolate, the trial judge may choose among these or other procedures, and we do not suggest that the facts of this case require the use of any particular device.

For the reasons given above, the decision of the district court is reversed and the cause remanded for further proceedings.