**James HEPPERLE, Plaintiff-Appellant,**

v.

**James A. JOHNSTON et al., Defendants-Appellees.**

**No. 77–3507.**

United States Court of Appeals, Fifth Circuit.

March 2, 1979.

James Hepperle, Santa Rosa Beach, Fla., for plaintiff-appellant.

Jackson, Walker, Winstead, Cantwell & Miller, John M. Skrhak, Jr., Dallas, Tex., for James A. Johnston.

Frank J. Scurlock, University Atty., Robert F. Ritchie, John H. McElhaney, Dallas, Tex., for Southern Methodist University.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, Robert G. Vial, Edwin E. Wright III, Dallas, Tex., for Alexander.

Before INGRAHAM, GEE and FAY, Circuit Judges.

INGRAHAM, Circuit Judge:

James Hepperle *pro se* appeals the dismissal of his action for want of prosecution and the refusal of the district court to consider his motion for recusal. Appellant also urges the recusal of eight judges of this court who were panel members in prior appeals of this case.[1] This is the third

---

1. By motion filed on December 28, 1977, appellant seeks recusal because of "personal bias or prejudice" of Judges Clark, Dyer, Fay, Godbold, Goldberg, Hill, Roney and Thornberry.

conventional appeal[2] of this diversity action for slander and libel[3] against appellant's former employer, Southern Methodist University (SMU), and his former attorneys, James A. Johnston and Robert E. Alexander, III. We hold that the district court's dismissal for want of prosecution was not an abuse of discretion and affirm the judgment. The failure of the district judge to consider the motion for recusal is not reversible error. Appellant's motion for recusal of members of this court is denied.

Appellant *pro se* filed his complaint on March 3, 1975. Appellees filed various motions for dismissal under Fed.R.Civ.P. 12(b)(1, 6) and a more definite statement under Fed.R.Civ.P. 12(e). Appellant then filed a "Preliminary Answer to Defendant SMU's Motion for More Definitive Statement, and My Motion for Discovery." His "Motion for Discovery" was a request for any documents or files pertaining to him in SMU's possession pursuant to Fed.R.Civ.P. 34. On August 6, 1975, appellant filed with supporting affidavit a "Motion for Production of Documents by Defendant Southern Methodist University." SMU resisted the motion by claiming that the documents were privileged as work product under Fed. R.Civ.P. 26(b)(1, 3).

After an untimely interlocutory appeal, *Hepperle v. Southern Methodist University*, 526 F.2d 1257 (5th Cir. 1976), and a successful appeal from an order of dismissal for failure to state a claim, *Hepperle v. Johnston*, 544 F.2d 201 (5th Cir. 1976), appellant was noticed for deposition in Dallas but failed to appear on four separate occasions over a five month period. During this time, appellant was residing in Santa Rosa Beach, Florida. He was given advance notice of from five to fifteen days to appear for his depositions.[4] After his first failure to appear, appellant filed a motion on July 25, 1977, for a protective order under Fed.R. Civ.P. 26(c)(1, 2), seeking to delay the taking of his deposition because of inconvenience and unfairness to him. The alleged inconvenience was that in view of appellant's duties as a landlord, travel during the summer months presented a hardship. The

---

2. Mr. Hepperle first appealed the district court's August 19, 1975, order dismissing the action against Mr. Alexander and SMU. The appeal was dismissed as interlocutory. *Hepperle v. Southern Methodist University*, 526 F.2d 1257, 1259 (5th Cir. 1976). After the district court entered an order declaring the prior interlocutory order of dismissal to be a final judgment, we reversed the dismissal and remanded for further proceedings. *Hepperle v. Johnston*, 544 F.2d 201, 203 (5th Cir. 1976).

Thereafter, Mr. Hepperle filed three original jurisdiction motions with this court styled "MANDAMUS," "MOTION FOR CHANGE OF VENUE," and "MOTION FOR STAY PENDING APPEAL." The motion styled "MANDAMUS" sought to compel the district judge to issue discovery orders and to recuse himself. Treating the "MANDAMUS" and "MOTION FOR CHANGE OF VENUE" as a petition for writ of mandamus, we denied the petition in part and dismissed the petition in part without prejudice. *Hepperle v. Southern Methodist University, et al.*, 560 F.2d 1021 (5th Cir. 1977) (unpublished). We followed "the general rule that mandamus is not available to review the denial of a discovery order if the aggrieved party has an adequate remedy by appeal from the final judgment of the action." *Id.* at 8–9. The petition was held to be premature with regard to the recusal motion, because Mr. Hepperle had not yet filed the affidavit required by 28 U.S.C. § 144 (1976). The "MOTION FOR STAY

PENDING APPEAL" was denied on October 27, 1977.

3. In his complaint, appellant alleges that SMU maintains a "libelous file" on him, has "slandered me and threatened to further publish their slander if I sued them (blackmail)," that appellee Johnston's agent "recklessly published SMU's slander," that appellee Johnston attempted "blackmailing me into allowing him to breach his contract with me," and that appellee Alexander "has suppressed evidence of Johnston's wrongdoing." We have previously characterized the action as one based upon 42 U.S.C. § 1983 (1976). *Hepperle v. Southern Methodist University*, 526 F.2d 1257, 1258 (5th Cir. 1976).

4. On June 13, 1977, appellees filed notice to take appellant's deposition on June 24, 1977. On September 13, 1977, appellees filed notice to take appellant's deposition on September 23, 1977. On October 4, 1977, the district court filed an order that appellant submit to deposition on October 24, 1977. On November 10, 1977, the district court filed an order that appellant submit to deposition on November 21, 1977. In calculating the notice period, we do not count the date of service or return, Fed.R. Civ.P. 6(a), and we subtract three days to account for service by mail, Fed.R.Civ.P. 6(e).

alleged unfairness was that he was being asked to submit to questioning about an allegedly slanderous and libelous publication which SMU had refused to produce for his inspection.

On July 26, 1977, appellant moved for the recusal of the district judge, pursuant to 28 U.S.C. § 144 (1976),[5] alleging bias and prejudice. The district court did not rule on appellant's motion for recusal.[6]

The district court did grant appellees' motions to compel appellant to submit to deposition under Fed.R.Civ.P. 37(a). On September 7, 1977, the court entered an order compelling appellant's appearance for deposition before October 1, 1977. Appellees, on September 13, 1977, filed notice to take appellant's deposition on September 23, 1977. Having received no ruling on his earlier motion for a protective order, appellant filed with this court on September 21, 1977, a "Motion for Stay Pending Review" which was denied on October 27, 1977. On October 4, 1977, the court entered an order compelling appellant to appear for deposition on October 24, 1977. Appellant's "Reply to Judge Porter's Order of October 4, 1977," mailed on October 19, 1977, and filed with the clerk on October 25, 1977, explained that October 24 was an inconvenient date because he was required to attend a hearing in Panama City, Florida, on the same date. On November 10, 1977, the court entered an order compelling appellant's deposition on November 21, 1977, with the following threat: "If the plaintiff

again fails to appear for deposition, the court will consider dismissal of this case for lack of prosecution." Appellant filed a "Reply to Order of November 10, 1977" on November 17, 1977, stating his intention not to appear for the November 21 deposition pending a ruling on his "Application for Stay" to Mr. Justice Powell.

The action was dismissed by the court *sua sponte* for lack of prosecution when appellant failed to appear for deposition on November 21, 1977. In its "Memorandum of Opinion" filed in support of the judgment of dismissal, the court stated that no action had been taken on appellant's discovery motions because the motions "could have been stricken under Rule 12(f) as redundant, impertinent and scandalous." No reference was made to the motion for recusal.

Rule 41(b)[7] authorizes the district court to dismiss with prejudice an action for want of prosecution by the plaintiff. *Link v. Wabash R. R. Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). However, involuntary dismissal "is a drastic remedy to which a court may resort only in extreme circumstances." *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382 (5th Cir. 1978). We have approved the sanction only where there is "a clear record of delay or contumacious conduct by the plaintiff." *Durham v. Florida East Coast R. R. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). *See also, e. g., Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d 1360 (5th Cir. 1976). Our review is

---

**5.** 28 U.S.C. § 144 (1976) provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

**6.** In response to Mr. Hepperle's letter of May 13, 1975, in which he intimated that Judge Porter recuse himself, Judge Porter stated by letter dated May 19, 1975: "I will not dignify your suspicions and allegations of my prejudice by replying to them. If, however, you are prepared to prove that I have acted in an irregular or biased fashion, you should take your accusations to the Chief Judge of this district or the Judicial Conference of the United States."

**7.** Fed.R.Civ.P. 41(b) provides in part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against him."

limited to whether the district court's dismissal was an abuse of discretion. *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 887 (5th Cir. 1968).

 The district court rested its dismissal upon appellant's repeated failures to appear for deposition. The instant case is controlled by *Durgin v. Graham*, 372 F.2d 130 (5th Cir. 1967). In *Durgin*, we upheld dismissal for lack of prosecution, where the plaintiffs willfully refused to appear for the taking of their depositions. *Id.* at 131. In the instant case appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders to appear. *See Ramsay v. Bailey*, 531 F.2d 706, 709 (5th Cir. 1976). Since appellant was acting *pro se*, he cannot attribute his dereliction of duty to another. *See Flaksa*, 389 F.2d at 889.

Appellant claims that the district court's dismissal was an abuse of discretion, because of the court's refusal to rule on his various motions. Appellant filed a motion to compel SMU's production of documents pursuant to Fed.R.Civ.P. 34, before he was noticed for deposition. Appellant filed a motion for a protective order to postpone the taking of his deposition pursuant to Fed.R.Civ.P. 26(c)(1, 3), after he received his first notice for deposition. The court's inaction on appellant's motion did not relieve him of the duty to appear for his deposition. *Cf. Faretta v. California*, 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1974); *Martinez-McBean v. Government of Virgin Islands*, 562 F.2d 908, 913 (3rd Cir. 1977). Moreover, as the Ninth Circuit has observed:

Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard. He might also appear and seek to adjourn the deposition until an order can be obtained. But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains.

*Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964).

 Appellant urges that the district court's failure to rule on his motion for recusal under 28 U.S.C. § 144 (1976) constitutes reversible error. We disagree. Although the court erred in failing to pass on the sufficiency of the affidavit, *see Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975), the error is not reversible, because the affidavit is clearly insufficient as a matter of law. *See United States v. Torbert*, 496 F.2d 154, 157 n. 1 (9th Cir. 1974). "[T]he facts alleged in the affidavit must show that the judge's bias is personal, as opposed to judicial, in nature." *United States v. Archbold-Newball*, 554 F.2d 665, 682 (5th Cir. 1977). Appellant's affidavit is barren of factual allegations of personal bias.

 Appellant further urges by an original motion filed with this court the disqualification of members of this court who have served on panels in prior reviews of this case. Appellant incorrectly bases his motion upon 28 U.S.C. § 144 (1976), which by its terms applies only to district judges. *See Millslagle v. Olson*, 128 F.2d 1015 (8th Cir. 1942). Construing the *pro se* motion liberally as a motion for disqualification under 28 U.S.C. § 455 (1974),[8] we deny the

---

8. 28 U.S.C. § 455 (1976) provides in part:

(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity partici-

motion. The standard for determining whether a judge should disqualify himself under § 455 is whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned. *Davis,* 517 F.2d at 1052. The § 455 determination, like the § 144 determination, should rest upon extra-judicial rather than judicial conduct. *Id.* Appellant's grievance against members of this court concerns only judicial conduct: he complains of prior rulings by the court. Such allegations are insufficient grounds for disqualification. *See United States v. Partin,* 552 F.2d 621, 637 (5th Cir. 1977); *United States v. Cowden,* 545 F.2d 257, 265 (1st Cir.), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1976).

The district court's dismissal of the action for want of prosecution was not an abuse of discretion and its failure to consider the motion for recusal was not reversible error. Appellant's motion for disqualification of members of this court is without merit and is, therefore, denied. We affirm the district court's judgment of dismissal.

AFFIRMED.

pated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.