**Neva M. SALINAS, Plaintiff-Appellant,**

v.

**SUN OIL COMPANY,
Defendant-Appellee.**

No. 86–1664
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 12, 1987.
Rehearing Denied Aug. 10, 1987.

George A. Gonzales, Abilene, Tex., for plaintiff-appellant.

Kelly Gill, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, Tex., for defendant-appellee.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Neva Salinas appeals the dismissal of her age discrimination claim for want of prosecution. We find no error and affirm.

**I.**

Salinas filed a complaint against Sun Oil Company (Sun Oil) on April 18, 1984. On December 18, 1984, the district court ordered the parties to confer for the purpose of submitting a status report. The order stated that "[p]laintiff's counsel is responsible for initiating the status conference and for filing the status report" and that "[f]ailure to submit the status report may result in the imposition of sanctions, including dismissal without further notice pursuant to Rule 16(b)." Salinas' attorney apparently ignored this order as no status report was ever filed.

On March 17, 1986, Salinas' attorney filed a motion to withdraw as counsel; in support of her motion, she alleged that she "no longer [had] a current address for her client, Nevil M. Salinas" and that "this attorney has formulated theories of the case so greatly different from her client's position on the fact issues that this attorney would not adequately be able to fully represent her client in an adversary proceeding in this case." In response, the

district court entered an order on March 20, 1986, stating that:

> The court will not grant this motion at this time but will require that the plaintiff either consent to the motion or designate another attorney to represent her. When this has been accomplished, the motion will be granted.
>
> Further, the present attorney for the plaintiff is requested to make every reasonable effort within the next thirty days to locate the plaintiff and advise her that the case will be dismissed without prejudice on or before April 21, 1986 unless another attorney is designated or a written request to appear pro se is filed by the plaintiff.

Before the April 21 deadline, Sun Oil filed a Rule 41(b) motion to dismiss for failure to prosecute.

On April 23, 1986, the district court granted the motion of Salinas' counsel to withdraw, removed the case from its trial docket and denied Sun Oil's motion to dismiss. The court stated:

> The court will not at this time dismiss this case, but it is here ordered that the plaintiff shall immediately proceed with the prosecution of her claim.... In the event plaintiff fails to do so within thirty days from the date of this order, leave is here given to the defendant to renew its motion to dismiss for failure of the plaintiff to prosecute her claim against the defendant.

On May 30, 1986, Sun Oil renewed its motion to dismiss asserting that Salinas had taken no action to prosecute her claim since the court's April 23 order. Salinas filed a response on June 23, 1986, stating that she was searching for a new attorney, but had not yet found an attorney willing to take her case. On the same day Salinas filed her response, the court scheduled a hearing for July 14, 1986 on Sun Oil's motion to dismiss. Salinas failed to appear at the July 14 hearing, allegedly because she was out-of-town when notice of the hearing was delivered to her home address by certified mail. When Salinas failed to appear on July 14, the district court entered an order granting Sun Oil's motion to dismiss with prejudice for failure to prosecute her suit.

Salinas challenges that order in this appeal.

## II.

■ Rule 41(b)[1] authorizes a district court to dismiss with prejudice an action for want of prosecution by the plaintiff. *Link v. Wabash, R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). In reviewing a district court's decision to dismiss under Rule 41(b), we reverse only if we find an abuse of discretion. Id. at 633, 82 S.Ct. at 1390; *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir.1980). This circuit has, however, consistently held that Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of "a clear record of delay or contumacious conduct by the plaintiff, ... and where lesser sanctions would not serve the best interest of justice." *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir.1972).

■ Appellant argues that the district court abused its discretion in dismissing her case because she had been unable to retain an attorney and did not receive a copy of the court's order setting appellee's motion to dismiss for hearing on July 14, 1986.

Salinas filed her complaint on April 18, 1984, and the district court dismissed it with prejudice on July 14, 1986. Appellant did nothing to prosecute her case while it remained on the district court's docket; the plaintiff allowed her case to remain in this inactive state in the face of at least three warnings of dismissal by the district court.

We conclude that the pattern of delay by Salinas for over two years in the face of three warnings of dismissal justifies the dismissal entered by the district court. See

---

1. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

Fed.R.Civ.P. 41(b).

*Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519–20 (5th Cir. 1985); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir.1979); *Murrah v. Fire Insurance Exchange*, 480 F.2d 613 (5th Cir. 1973).

AFFIRMED.

JOHNSON, Circuit Judge, dissenting.

I would permit Neva Salinas to pursue a judgment on the merits of her age discrimination claim. This is not the sort of egregious case that justifies the ultimate Rule 41(b) sanction of dismissal with prejudice. There has been no showing that Salinas herself is to blame for the period of inactivity that followed filing of her complaint. Nor is there any indication that the inactivity has prejudiced Sun Oil. Abandoned by her original attorney, Salinas proceeded in the only reasonable way that she, an individual untrained in the law, could: she began looking for a new attorney.

Salinas contacted eight attorneys herself, but each declined to take her case. She also contacted West Texas Legal Services (WTLS), but was ineligible for their services. Gilbert Rodriguez, a WTLS attorney, also attempted, without success at that time, to locate an attorney to represent Salinas. Salinas informed the district court by handwritten note that her failure to comply with the court's order to immediately prosecute the case was due to her difficulty locating an attorney. Salinas has now located an attorney to pursue her age discrimination claim. Since the record contains no indication of egregious or disrespectful conduct by Salinas and since Sun Oil has suffered no prejudice by the inactivity in this case, I would allow Salinas her day in court.