854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garnet VINSON, Plaintiff-Appellant,
v.
Ailene SCITES, In Her Individual and Official Capacity,
Defendant-Appellee.
 No. 88-7505.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1988.
Decided July 29, 1988.
 
 Garnet Vinson, appellant pro se.
 Ailene Scites, appellee pro se.
 Before DONALD RUSSELL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Garnet Vinson appeals the district court's order dismissing his action with prejudice pursuant to Rule 41(b), Fed.R.Civ.P. for failure to prosecute. The district court dismissed the action because of Vinson's failure to attend a final settlement conference the court had scheduled. On appeal Vinson contends that the dismissal was improper in that he was incarcerated and could not afford to pay to be transferred to the site of the hearing at the time of the conference.
 
 
 2
 This Court has held that prior to dismissing a complaint with prejudice for failure to prosecute, a district court should balance four criteria: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' and (4) the effectiveness of sanctions less drastic than dismissal." Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978) (quoting McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976).
 
 
 3
 Where a pro se litigant has shown a record of continual disregard for the court and attempted to delay proceedings, dismissal is appropriate. Hepperle v. Johnston, 590 F.2d 609, 612-13 (5th Cir.1979). Furthermore, "in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' " Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988). A litigant's incarceration may not be used against him so as to preclude his ability to file and pursue a civil action. Holt v. Pitts, 619 F.2d 558, 562 (6th Cir.1980).
 
 
 4
 Vinson's isolated failure to attend a settlement conference due to his inability to pay the cost of transportation is insufficient justification for dismissal of the action with prejudice. See Camps v. C & P Telephone Co., 692 F.2d 120, 124-25 (D.C.Cir.1982); Holt, supra. Accordingly, we vacate the district court's dismissal and remand the action for further consideration. As the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 5
 VACATED AND REMANDED.