IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30819
Summary Calendar
_____


ANTHONY MARRERO,

                                        Plaintiff-Appellant,

        versus

U. S. BUREAU OF PRISONS;
OFFICER ANTOINE; ROBERT BOYD

                                Defendants-Appellees


_____

Appeal from the United States District Court for the
Western District of Louisiana
(CA-94-1720)
_____

February 19, 1996
Before KING, GARWOOD and DENNIS, Circuit Judges.[*]

PER CURIAM:

        Plaintiff-Appellant Anthony Marrero (Marrero), a federal

prisoner confined at F.C.I. Oakdale, Louisiana, brought this suit

against the U.S. Bureau of Prisons (the Bureau) and Bureau

officials Lieutenant Boyd (Boyd) and Officer Antoine (Antoine),

complaining that he was not protected from an assault by a fellow

inmate.   The defendants filed a motion to dismiss under Rules

_____

[*]       Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

12(b)(1) and (6) directed to Marrero's second amended, and final, complaint; Morrero filed a response to the motion; the Magistrate Judge thereafter issued a memorandum recommending that the motion be granted and the suit be dismissed; Marrero filed objections; and the district court, after reviewing the record, the recommendations and the objections, accepted the report and dismissed the suit with prejudice. Marrero appeals. We affirm in part and vacate and remand in part.

Marrero has no claim under the Federal Tort Claims Act, because the United States is the only proper defendant in such a suit and because administrative remedies were not exhausted. *Vernell v. U.S. Postal Service*, 819 F.2d 106, 109 (5th Cir. 1987); *McAfee v. Fifth Circuit Judges*, 884 F.2d 221 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1141 (1990). State law claims are likewise prohibited as it is alleged that the individual defendants were acting in the scope of their employment with the Bureau. *See* 28 U.S.C. § 2679(b)(1).

The question remains whether Marrero has alleged a claim under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) for violation of his constitutional rights. However, such a claim does not run against the United States or its agencies, such as the Bureau, but only against individual defendants.[1] As to individual defendants, the relevant standard is that set out in *Farmer v. Brennan*, 114

---

[1] *F.D.I.C. v. Meyer*, 114 S.Ct. 996, 1005-1006 (1994); *Enplanar Inc. v. Marsh*, 11 F.3d 1284, 1294 n.12 (5th Cir.), *cert. denied*, 115 S.Ct. 312 (1994); *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 380 (5th Cir. 1987).

S.Ct. 1970, 1976 (1994) holding that an Eighth Amendment failure to protect claim may be made out if a prisoner is assaulted and injured by other prisoners as a result of incarceration under conditions posing a substantial risk of serious harm to his safety and subjective deliberate indifference of the defendant prison officials to the prisoner's safety.

Considering Marrero's pro se status, we conclude that for purposes of a Rule 12(b)(6) motion he adequately alleged a substantial risk of serious harm. As to Boyd, although the complaint mostly alleged some variety of negligence, it plainly charges Boyd with knowledge of the danger to Marrero and expressly charges Boyd with "deliberate indifference." While the complaint should, but does not, allege what Boyd, with such deliberate indifference, did or failed to do which contributed to the assault, that defect was not asserted in the motion to dismiss or the Magistrate Judge's report, and under the circumstances, including Marrero's *pro se* status, should not have resulted in dismissal with prejudice, as the matters alleged in the complaint do not suggest that this deficiency cannot be remedied.[2]

On the other hand, as to Antoine only some form of negligence is alleged. Thus it is alleged that Antoine was "negligent for putting him in a cage with other inmates and also for opening the cage without handcuffing the inmates and without assistance from

---

[2] Granting a motion for more definite statement, or even perhaps a dismissal with leave to amend, would be appropriate; likewise, we do not suggest that Boyd may not be able to prevail on a motion for summary judgment (as to either prong of *Farmer*).

other staff", and that "[t]he guard did not hurt the inmate directly, but the guard's unintentionally forgetfulness, (his negligence) in putting the inmate in the same recreation cage with other inmates and opening the cage without other staffs assistance while other inmates were fighting caused inmate's injuries." It is also alleged that when a fight between other inmates broke out in the cage Antoine "opened the recreation cage to try to control the situation". There is no allegation that Antoine knew or had been informed of threats or danger to Marrero or that any who might be out to get him were in the cage. Under *Farmer* the allegations against Antoine do not state a *Bivens* claim. *See also Davidson v. Cannon*, 106 S.Ct. 668 (1986); *Johnston v. Lucas*, 786 F.2d 1254 (5th Cir. 1986).

Accordingly, the judgment below is affirmed as to the Bureau and Antoine, but as to Boyd it is vacated and the cause is remanded as to him for further proceedings not inconsistent herewith.

AFFIRMED in part; VACATED and REMANDED in part.

4