# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-41357
No  00-41443
Summary Calendar

---

VINCENT EDWARD HOLMES,

Plaintiff-Appellant,

versus

PAUL COGWELL, Etc.; ET AL.,

Defendants,

ROBERT B. TOMES, Bob Tomes Ford,

Defendant-Appellee,


VINCENT EDWARD HOLMES,

Plaintiff-Appellant,

versus

PAUL COGWELL, McKinney Police Department;
MARK PEARSON, Texarkana Police Department;
RANDY VANDERTUIN, McKinney Police
Department; ROBERT DEAN, McKinney Police
Department; ROBERT B. TOMES, Bob Tomes
Ford; BRIAN SMITH, Bob Tomes Ford; BENJAMIN
J. WOOD, Bob Tomes Ford; ERIC A. GONZALES;
TOMMY GLENN PADRON; MICHAEL WAYNE
JACKSON; R. M. SPEARS, Investigator; GERRICK
WALKER; LARRY ROBINSON, Chief of Police;
ISSAC TURNER, City Manager,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:00-CV-149

---

October 26, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Vincent Edward Holmes appeals the dismissal of his 42 U.S.C. § 1983 lawsuit, asserting various constitutional violations and state-law claims arising out of his arrest, detention, trial, and ultimate acquittal on drug charges. Holmes first argues that the district court's determination that his claims against Robert B. Tomes were untimely was error because there is no federal statute of limitations and because any limitations period did not begin to run until he was acquitted. Because he raises this argument for the first time on appeal, this court will not consider it. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola, 119 F.3d 305, 319 (5th Cir. 1997). Moreover, even if the court were to consider the argument that dismissal of the claims as untimely was error, Holmes has not briefed any argument addressing the district court's alternative conclusion that Tomes was not a state actor for purposes of § 1983, and has therefore waived any challenge to the alternative reasons for the district court's dismissal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the district court's Fed. R. Civ. P. 12(b)(6) dismissal of the claims against Tomes is AFFIRMED.

Holmes also challenges the district court's dismissal of the remainder of his claims against the remaining defendants. The district court's order dismissing the remaining claims under Fed. R. Civ. P. 41(b) due to Holmes' failure to prosecute was not an abuse of discretion. See McNeal v. Papasan, 842 F.2d 787, 789 (5th Cir. 1988); see also Salinas v. Sun Oil Co., 819 F.2d 105, 106 (5th Cir. 1987). Accordingly, that order is also AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Holmes' argument that the district court erred in denying his motion for the appointment of counsel is without merit.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  His motion for the appointment of appellate counsel is DENIED.

AFFIRMED; MOTION DENIED.