**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 18, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50957
Summary Calendar

LI YU, Administrator of Estate of Wei Y. Wu,

Plaintiff-Appellant,

versus

STATE OF TEXAS DEPARTMENT OF TRANSPORTATION; CAROLINE A. HERRERA,
In her Individual Capacity and her Official Capacity, Materials
and Test Section, Construction Division, Texas Department of
Transportation; KATHERINE L. HOLTZ, In her Individual Capacity
and her Official Capacity, Materials and Test Section,
Construction Division, Texas Department of Transportation,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(A-01-CV-741-SS)

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Li Yu appeals, *pro se*, the dismissal of her action under the
Americans With Disabilities Act, Title VII of the 1964 Civil Rights
Act, 42 U.S.C. § 1983, 42 U.S.C. §1985 and Texas tort law. We
affirm for essentially the reasons stated by the district court in
its 7 January and 2 August 2002 orders.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Li Yu asserts, for the first time on appeal, default judgment should have been entered against Defendants because they failed to timely answer her complaint. No authority need be cited for the proposition that our court will not consider contentions made for the first time on appeal. In any event, the Texas Department of Transportation (TxDOT) timely filed 12(b)(1) and (b)(6) motions and Herrera and Holtz timely filed answers in response to the complaint.

The district court properly held it lacked subject matter jurisdiction because TxDOT and Herrera and Holtz, in their official capacities, were immune from suit under the Eleventh Amendment. *E.g.,* ***Board of Trustees of the University of Alabama v. Garrett***, 531 U.S. 356 (2001). While there may be subject matter jurisdiction for the Title VII claim, the district court properly dismissed that claim for failure to exhaust administrative remedies. ***Griffin v. City of Dallas***, 26 F.3d 610, 612-13 (5th Cir. 1994).

Finally, the district court did not abuse its discretion in dismissing, for failure to prosecute, the claims against Herrera and Holtz, in their individual capacities. ***Salinas v. Sun Oil Co.***, 819 F.2d 105, 106 (5th Cir. 1987).

***AFFIRMED***

2