United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40266
Conference Calendar

_____

WILLIAM J. DOCKERAY,

Plaintiff-Appellant,

versus

ROBERT OZZ, Senior Warden; WILLA LOVE, Assistant Warden;
UNIDENTIFIED DRIVER, Captain; UNIDENTIFIED WILBURN, Sergeant;
UNIDENTIFIED JOHNSON, Property Officer; UNIDENTIFIED REESE,
Supply Officer; UNIDENTIFIED GASTON; K. BROWN, Law Library
Supervisor; S. WILBURN, Grievance Officer; UNIDENTIFED YOUNG,
Medical Records Officer; J. DERIC, Medical Records; UNIDENTIFED
AVANT, Medical Staff Administrator; UNIDENTIFIED BROWN;
L. WALLINGS, Counsel Substitute; R. SIMON, Counsel Substitute;
UNIDENTIFIED FLOWERS, Officer,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-313
---------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:*

William J. Dockeray, Texas prisoner # 563359, appeals the

district court's dismissal with prejudice as time-barred of his

civil rights complaint.

Dockeray's brief is poorly drafted and almost illegible.  He

has failed to set forth argument identifying error in the

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's determinations and conclusions. Moreover, he has failed to provide a clear statement that the district court erred in its conclusion that Dockeray's complaint was barred by the statute of limitations. Although pro se briefs are liberally construed, even pro se litigants must brief arguments to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). When an appellant fails to identify error in the district court's decision, it is as if the appellant had not appealed that judgment, and this court "will not raise and discuss legal issues that [Dockeray] has failed to assert." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Dockeray's appeal has no arguable merit and is thus dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court in this proceeding determined that Dockeray's claims were frivolous. Additionally, Dockeray has had at least one other civil rights complaint dismissed as frivolous, and we dismissed as frivolous his appeal of that dismissal. See Dockeray v. Black, No. 04-50025, slip op. (5th Cir. June 7, 2004) (unpublished). Thus, Dockeray has accumulated four strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Dockeray is therefore BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTIONS IMPOSED.