United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10375
Summary Calendar
_____

WILLIAM J. DOCKERAY, JR.,

                              Plaintiff-Appellant,

versus

JOSEPH PRICE; NFN LOYD, Officer; NFN WHATLEY, Law Librarian;
NFN STONE, Officer; NFN ROBERTSON, Officer; UNKNOWN NO 2;
NFN DOMINGUES, Warden; NFN BROWN, Assistant Warden; NFN REAVES,
Ms.; NELLIE VANDIVER; SHELLY COLEMAN; JESSE LUCERO; NFN CLOWER,
Ms.; ZORRY BUCK,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-409
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:*

     William J. Dockeray, Jr., Texas prisoner # 563359, appeals
the dismissal of his 42 U.S.C. § 1983 lawsuit in which he
asserted that various prison officials violated a plethora of his
constitutional rights.  Dockeray has moved for leave to
supplement his appellate brief with a one-page omission.  That
motion is GRANTED.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dockeray argues that his original complaint, filed in the Southern District of Texas, was improperly severed. The issue of the propriety of that order is not properly before the court. Dockeray also asserts that his claims are not untimely. We will not address this assertion because it stems from Dockeray's mistaken belief that his claims were dismissed as time-barred. Nor will we address Dockeray's assertion, not contained in his original complaint, that prison officials have blocked his access to the courts during the pendency of this action. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). The court would note, however, that this claim is refuted by the fact that Dockeray filed numerous documents in this matter before the trial court, and that most of these documents were irrelevant.

Dockeray also challenges the district court's dismissal of his claims based on his failure to comply with court orders that he file an amended complaint. The district court's order dismissing Dockeray's claims due to his failure to prosecute was not an abuse of discretion. See FED. R. CIV. P. 41(b); McNeal v. Papasan, 842 F.2d 787, 789 (5th Cir. 1988); see also Salinas v. Sun Oil Co., 819 F.2d 105, 106 (5th Cir. 1987). Rather than comply with the court's order, Dockeray filed numerous documents not responsive to the court order. Even after the second order was entered, Dockeray did not comply. Accordingly, that order is AFFIRMED.

Dockeray is reminded that this court has already imposed the three-strikes bar pursuant to 28 U.S.C. § 1915(g). See Dockeray v. Ozz, No. 04-20466 (5th Cir. August 18, 2004) (unpublished). Accordingly, Dockeray may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).