United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20566
Summary Calendar

WILLIAM J. DOCKERAY, JR.,

Plaintiff-Appellant,

versus

LAWRENCE HODGES; CHARLES WILLIAMSON, Assistant Warden;
RICHARD GUNNELS; MELODYE NELSON, Captain; FRED CROSS,
Sargeant; ET AL.,

Defendants-
Appellees.

------------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-4234
------------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

William J. Dockeray, Jr., appeals from the district court's dismissal with prejudice of his 42

U.S.C. § 1983 civil rights complaint as frivolous. This court reviews a dismissal as frivolous under

28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. Ruiz v. United States, 160 F.3d 273, 275

(5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although pro se pleadings are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must adequately brief arguments in order to properly present them for consideration. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). Dockeray has inadequately briefed his arguments that: (1) the district court's dismissal of his complaint violated his First Amendment rights; (2) the district court's holding dismissing his claim that some of the defendants attempted to throw him into a drug culture and to register him as a sex offender contained too many "misfacts"; (3) supervisory prison officials were liable in their official capacities; (4) he was denied adequate medical care; and (5) the verbal threats against him were actionable.

For the first time on appeal, Dockeray argues that the forced removal of his wedding ring: (1) violated the Religious Land Use and Institutionalized Persons Act; and (2) constituted an act that was capable of repetition yet evading review. This court will not consider those claims. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); see also Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Dockeray challenges the district court's dismissal on the following grounds: (1) because he did not seek monetary damages, the Prison Litigation Reform Act is not applicable to his complaint; (2) the district court failed to rule upon his motion seeking class certification; (3) he was entitled to tolling of the statute of limitations; (4) the removal of his wedding ring violated his First Amendment rights; (5) he was deprived of his right to religious expression; (6) his right to access the courts was violated; (7) his prison grievances were being blocked; (8) certain defendants retaliated against him; (9) he should have been granted a preliminary injunction prohibiting the defendants from interfering with his right to access the courts; and (10) his supplemental pleadings containing new claims and

defendants should have been included in the instant complaint. Examination of those arguments reveal that they lack merit. Accordingly, the district court did not abuse its discretion by dismissing Dockeray's complaint as frivolous.

As the instant appeal lacks arguable merit, it is DISMISSED AS FRIVOLOUS. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). In Dockeray v. Ozz, No. 04-40266 (5th Cir. Aug. 18, 2004), this court imposed the 28 U.S.C. § 1915(g) bar against Dockeray. We warn Dockeray that further filing of frivolous complaints or pleadings may result in additional sanctions against him.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.