[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15869
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22164-FAM


DAVID G. KENNEDY,
on behalf of himself and all others which voluntarily join this case,

Plaintiff - Appellant,

versus

BELL SOUTH TELECOMMUNICATIONS, INC. (AT&T),
a Florida Corporation and its Agents entities,
SECURITAS SECURITY SERVICES (USA) INC.,
a foreign international company registered in the U.S.A.
providing security services in several States, including Florida,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 18, 2013)

Before TJOFLAT and WILSON, Circuit Judges.[*]

PER CURIAM:

David Kennedy, a pro se appellant, appeals the district court's (1) denial of his motion to remand this action to state court; (2) denial of his motion to recuse the district judge presiding over his case; and (3) dismissal of his second amended complaint with prejudice for failure to comply with Federal Rule of Civil Procedure 10(b)'s one-claim-per-count rule. After considering the parties' briefs, we affirm. We address each argument in turn.

## I.

After an action has been removed from state court to federal court, we review a district court's denial of a motion to remand to de novo. *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "An action in state court may be removed to federal court when the federal courts have diversity or federal question jurisdiction." *Id.*; *see* 28 U.S.C. § 1441(a). The defendant must file a notice of removal within 30 days following receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). Under the "last-served" defendant rule, now codified at 28 U.S.C. § 1446(b)(2)(B)–(C), each defendant may "file a timely motion for removal within [30] days of receipt of service by that individual defendant." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202,

---

[*] This opinion is issued by a quorum. *See* 28 U.S.C. § 46(d).

2

1204 (11th Cir. 2008).  In other words, "earlier-served defendants who may have waived their right to independently seek removal . . . may nevertheless consent to a timely motion by a later-served defendant."  *Id.*

Here, Kennedy's state-court action alleged violations of several federal laws, including Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.  Therefore, the district court had federal question jurisdiction.  Kennedy served Securitas Security Services (USA) Inc. ("Securitas") on April 16, 2012, and Bell South Telecommunications, Inc. (AT&T) ("Bell South") on May 11, 2012.[1]  Bell South filed its notice of removal on June 8, 2012; therefore the notice of removal was within 30 days and timely.  Because the removal was both timely and based on federal question jurisdiction, the district court did not err in denying Kennedy's motion to remand the case to state court.

## II.

We review a district court's denial of a motion for recusal for abuse of discretion.  *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (per

---

[1] Kennedy first attempted to serve Bell South on April 16 in South Florida, but did not perfect service because Kennedy tried to serve the company in South Florida, and it no longer conducted business there.

curiam).  Under the abuse of discretion standard, we will affirm the district court's decision unless we "conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons."  *Id.*; *see* 28 U.S.C. § 455(b) (describing circumstances under which a federal judge must recuse himself).  Here, Kennedy only points to three orders by the district judge that supposedly show bias: (1) an order denying motions by Kennedy for sanctions and objecting to the notice of removal; (2) an order dismissing his first amended complaint without prejudice; and (3) the order dismissing his second amended complaint with prejudice.  Our review of the record leads us to conclude that no objective, reasonable person could question the district court's impartiality, because each order articulated a legitimate legal basis for the action.  *See In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008) (per curiam) ("Adverse rulings are grounds for appeal but rarely are grounds for recusal . . . .).  Moreover, there was no evidence of bias from "extrajudicial sources."  *Id.* at 1310 (internal quotation marks omitted).  Therefore, the district court did not abuse its discretion in denying Kennedy's motion to recuse.

## III.

A district court may sua sponte dismiss an action for failure to obey a court order under Federal Rule of Civil Procedure 41(b).  *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  We review a district

court's dismissal of an action for failure to comply with a court order or the Federal Rules of Civil Procedure for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." We discourage consideration of "shotgun" pleadings where the plaintiff asserts multiple claims of relief in single counts and "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Although dismissal of a case for failure to comply with pleading rules "is a severe sanction, its imposition is justified when a party chooses to disregard the sound and proper directions of the district court." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985).

Kennedy's original and amended complaints did not confine individual claims to separate counts, incorporated hundreds of paragraphs by reference, and generally failed to identify the factual or legal bases for many of the alleged violations of federal law. Twice, the district court dismissed Kennedy's complaint without prejudice, providing Kennedy with opportunities to amend his complaint.

Finally, after Kennedy's second amended complaint failed to satisfy the district court's pleading requirements, the court dismissed Kennedy's complaint with prejudice.  Although we must liberally construe pro se pleadings, Rule 41(b) dismissal may be warranted "where there is a clear record of delay or contumacious conduct by the plaintiff." *Hepperle v. Johnston*, 590 F.2d 609, 612 (5th Cir. 1979) (internal quotation marks omitted).[2]  The district court repeatedly told Kennedy how to comply with its pleading requirements, and Kennedy repeatedly ignored those instructions.  Moreover, Kennedy gave no indication that he would be willing and able to comply if given another opportunity, but rather insisted—and still insists—that his complaints were in substantial compliance. Under the circumstances of this case, the district court did not abuse its discretion in dismissing Kennedy's second amended complaint with prejudice.

**AFFIRMED**.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.