**Paul Louis HARRELSON,
Plaintiff-Appellant,**

v.

**UNITED STATES of America et al.,
Defendants-Appellees.**

No. 79-1234
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 7, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

James Q. Smith, Wichita Falls, Tex., for plaintiff-appellant.

Wm. L. Johnson, Jr., Asst. U. S. Atty., Fort Worth, Tex., for Federal defendants-appellees.

Richard E. Whinery, Dallas, Tex., for Taylor and Miller.

James H. Martin, David C. McCord, Jr., pro se.

Charles J. Baldree, Asst. Dist. Atty., Dallas, Tex., for Jones, Wade and Walker.

Lonny D. Morrison, Wichita Falls, Tex., for U–Tote–M, Inc.

Robert E. Diaz, Asst. City Atty., Arlington, Tex., for Robert L. Parsons.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Appellant Harrelson appeals from the dismissal of his complaint for failure to prosecute and an injunction preventing him from instituting any further action based on the facts which were alleged in the complaint, including any causes of action which could have been asserted as well as those which were asserted. We affirm.

■ On December 14, 1978, an Order to Show Cause why Civil Action # 7–77–3 should not be dismissed for want of prosecution was entered, and a hearing on the order was set for January 5, 1979. On January 3, 1979, Harrelson filed a motion for continuance citing as reasons inclement weather and his health. Without a ruling on the plaintiff's motion, the hearing was held on January 5. Plaintiff did not appear although the district court's failure to rule on the motion for continuance did not relieve him of his duty to appear, *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979). The district court dismissed the complaint.

■ A dismissal under Rule 41(b), Fed. R.Civ.P., for failure to prosecute acts as an adjudication on the merits, and thus should be used sparingly and only when less drastic alternatives have been explored. *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977); *Murrah v. Fire Insurance Exchange*, 480 F.2d 613 (5th Cir. 1973). In this case the last pleading prior to the Show Cause Order was filed on March 7, 1977, *22 months* before the dismissal. Dismissals for failure to prosecute are reviewable only for abuse of discretion. *Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d 1360 (5th Cir. 1976). In light of the significant inactivity of the plaintiff, we cannot say the district court abused its discretion in dismissing the complaint.

■ In addition to dismissing the complaint for failure to prosecute, the district court enjoined any future litigation on any cause of action arising from the fact situation at issue in this case. Such orders are generally unnecessary, as res judicata and collateral estoppel are usually more than adequate to protect defendants against repetitious litigation. A litigious plaintiff pressing a frivolous claim, though rarely succeeding on the merits, can be extremely costly to the defendant and can waste an inordinate amount of court time. In this case, the plaintiff has forced various defendants in and out of court for almost five years and has had a full opportunity to present and litigate his claims. (See attached Appendix for a chronological history of this litigation.)

The district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents. *Ruderer v. United States*, 462 F.2d 897 (8th Cir.), *appeal dismissed*, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972); *Hill v. Estelle*, 423 F.Supp. 690 (S.D. Tex.), *aff'd without opinion*, 543 F.2d 754 (5th Cir. 1976). Considering the history of this case, we cannot say the entry of such an injunction was an abuse of discretion.

AFFIRMED.

## Appendix

| | |
|---|---|
| 11/30/72 | Harrelson sentenced to four years confinement after being convicted of conspiracy to cause stolen goods and forged securities to be transported in interstate commerce |
| 11/30/73 | 5th Circuit affirms conviction. *United States v. Harrelson*, 477 F.2d 383 (5th Cir. 1973). |
| 12/ 3/73 | Supreme Court denied rehearing, 414 U.S. 1086, 94 S.Ct. 608, 38 L.Ed.2d 492, on its denial of certiorari, 414 U.S. 847, 94 S.Ct. 133, 38 L.Ed.2d 95. |
| 12/10/73 | Harrelson began serving his sentence |
| 3/28/75 | Harrelson, *pro se*, filed suit in district court, N.D.Tex., Ft. Worth Division. The case was designated Civ. No. 4–75–95. Named as defendants were: United States, Judge Sarah Hughes, Richard Stephens (Assistant United States Attorney), William Garvie (FBI agent), John Doe Gibson (FBI agents) and other unknown to plaintiff |
| 5/ 7/75 | Harrelson paroled |
| 7/ 3/75 | Harrelson amended Civ. No. 4–75–95 to add as party defendants: State of Texas, County of Dallas, Dallas County Sheriff, Dallas County District Attorney, Dallas Morning News, Dallas Bar Association, City of Dallas, City of Dallas Police Department, City of Arlington, City of Arlington Police Department |
| 9/30/75 | Harrelson, *pro se*, files a § 2255 motion to vacate in district court, N.D.Tex., Dallas Division. It was designated Civ. No. 3–75–1202B. |
| 12/23/75 | Civ. No. 4–75–95 transferred to Dallas Division and renumbered Civ. No. 3–76–359F |
| 3/ 5/76 | Judge Hughes adopts Magistrate Mulloy's recommendations and dismisses Harrelson's § 2255 petition, Civ. No. 3–75–1202B |
| 4/14/76 | Harrelson files Notice of Appeal from Judge Hughes' order |
| 5/ 5/76 | Judge Porter dismisses Judge Hughes and Assistant United States Attorneys Stephens and Sanderson from Civ. No. 3–76–359F |

8/26/76  Judge Porter dismisses State of Texas, Dallas County, Dallas County District Attorney, Dallas Morning News, City of Dallas, City of Dallas Police Department, City of Arlington, and City of Arlington Police Department from Civ. No. 3–76–359F

1/19/77  Harrelson, *pro se*, files the suit at issue on this appeal in N.D.Tex., Dallas Division. It was designated Civ. No. 7–77–3 and named 49 defendants. The defendants were: William Garvie, Richard Stephens, Patrick Mulloy, Emory Horton, Gordon Shanklin, Clarence Jones, Robert Parsons, David McCord, United States, United States Department of Justice, Federal Bureau of Investigation, U.S. Civil Service Commission, Traveler's Express Company, Inc., Consumer's Money Order Corp., Judge Frank D. McCown, Judge Sarah T. Hughes, Judge Henry Wade, Judge Robert M. Hill, Judge William M. Taylor, Judge Eldon B. Mahon, Harry Koch, Charles Cabaniss, Michael Carnes, William Sanderson, Emmett Colvin, William Johnson, Jerry Birdwell, Joe Hendley, Judge Robert W. Porter, James McKillip, David Ibbotson, Bill Williams, Tom Moss, Mona Finley, Sallie Teddlie, Joshua Taylor, M. L. Miller, Argyle Tucker, Dee Walker, Gerhard Kleinschmidt, Judge William Borg, William Wuester, Joseph McElroy, Jr., Bailey Rankin, Alex McGlinchey, Strasburger Food Stores, Inc., U-Tote-M, Inc., Dallas, Texas, Tucker Boat and Motor Co., James Martin

2/16/77  Civ. No. 7–77–3 transferred to Judge Higginbotham

2/24/77  5th Circuit affirms the dismissal of Harrelson's § 2255 petition. *Harrelson v. United States*, 548 F.2d 353 (5th Cir. 1977).

3/ 2/77  Harrelson opposed motions to dismiss filed in Civ. No. 7–77–3

12/27/77  Judge Porter dismissed the remaining defendants in Civ. No. 3–76–359F with prejudice on the alternative grounds of failure to state a claim on which relief can be granted and failure to prosecute

1/ 5/78  Harrelson appeals dismissal of Civ. No. 3–76–359F

9/29/78  5th Circuit affirmed in part and vacated and remanded in part the dismissal in Civ. No. 3–76–359F, *Harrelson v. United States*, 582 F.2d 39 (5th Cir. 1978)

11/ 2/78  After reconsideration in light of 5th Circuit order, Judge Porter again dismissed Civ. No. 3–76–359F. That order was not appealed.

12/14/78  Order to show cause why Civ. No. 7–77–3 should not be dismissed for want of prosecution entered.

1/ 3/79  Harrelson files motion for continuance

1/ 5/79  Hearing held on show cause order. Civ. No. 7–77–3 dismissed and injunction entered.

Note:  The plaintiff's § 2255 petition, Civ. No. 3–76–359F and Civ. No. 7–77–3 all involve the same basic claim. Harrelson contends he was denied the right to a fair trial by a conspiracy among the defendants which included the use of perjured testimony at his trial.