**Joseph BAXTER, Plaintiff**

v.

**LANCASTER COUNTY, et al., Defendants.**

**No. CIV.A. 97–537.**

United States District Court, E.D. Pennsylvania.

Aug. 13, 2002.

Kevin C. Allen, Crystle, Allen & Grimes, LLC, Lancaster, PA, for Plaintiff.

Theodore E. Lorenz, Office of Attorney General, Philadelphia, PA, Harry G. Mahoney, Deasey, Mahoney & Bender, Ltd., Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion to Remove from Civil Suspense of Plaintiff, Joseph Baxter ("Baxter" or "Plaintiff"), and the Motions to Dismiss for Failure to Prosecute of Defendants, John Lutz ("Lutz"), Lancaster County, and Lancaster County Drug Task Force (the "Task Force"), (collectively referred to as the "County Defendants").

Plaintiff's complaint alleges the following claims: § 1983 and § 1988 claims against Lutz, individually and in his official capacity, for the use of excessive force during Plaintiff's arrest; § 1983 and § 1988 claims against the County Defendants, for failure to train, supervise, investigate and discipline officers regarding excessive force, thereby permitting and/or condoning such practices; and state law tort claims against Lutz for assault and battery and the intentional infliction of emotional distress.

For the following reasons, the Motion to Remove from Civil Suspense is granted and the Motions to Dismiss for Failure to Prosecute are denied.

## BACKGROUND

On January 26, 1995, the Lancaster County Drug Task Force executed a search warrant at 50 North Prince Street, Apt. 5, Lancaster, Pennsylvania. Defendant Lutz was a member of the Task Force. Plaintiff did not reside in the apartment, but rather was visiting from New York. Defendants allege the warrant was obtained in an effort to arrest three African–American males from New York who were thought to be selling drugs out of the apartment. There are discrepancies as to the events that followed the police entering the apartment, but at some point the Plaintiff and Defendant Lutz came into physical contact with one another. During this contact Defendant Lutz' weapon, which was in his hand, discharged, shooting the Plaintiff in the neck.

This case was placed in Civil Suspense on April 28, 1998, on a request made by Defendant Lutz' counsel, pending Plaintiff's release from prison. At the time of

that Order, Plaintiff was incarcerated in Pennsylvania. Once released from the Pennsylvania prison, Baxter was immediately incarcerated in New York for a parole violation. Baxter was paroled from the New York prison system in February, 2000 and currently remains on parole in that state.

## DISCUSSION

### I. Removal From Civil Suspense

A case is to be removed from civil suspense and placed back on the active case list once "the condition which required transfer to the Civil Suspense Docket has been removed." *See* Standing Order of June 24, 1975, ¶ 2 (E.D. Pa. June 24, 1975); *see also Byrd v. Robinson,* Nos. CIV.A. 93–2210, 95–8065, 1997 WL 14495, at *2, (E.D.Pa. Jan.14, 1997) (citing June 24, 1975 Standing Order as legal standard).

This case was placed in civil suspense due to the Plaintiff's incarceration in Pennsylvania. Following his release from the Pennsylvania facility, Plaintiff was immediately incarcerated in New York. Baxter was released from the New York penal system in February, 2000 and placed on parole in that state. He remains on parole but has been given authority from his parole officer to leave the State of New York in order to pursue this litigation. Therefore, the reason for placing the case in civil suspense has been removed, which necessitates this case being removed from civil suspense and placed back on the active case list.

### II. Failure To Prosecute

Fed.R.Civ.P. 41(b) allows claims to be dismissed when a plaintiff has not prosecuted them or has failed to comply with the rules of the court. *See* Fed.R.Civ.P. 41(b). The Third Circuit has stated "on numerous occasions[ ] that dismissals with

prejudice ... are drastic sanctions, termed 'extreme' by the Supreme Court ... and are to be reserved for comparable cases." *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 867–68 (3d Cir.1984) (citation omitted); *Donnelly v. Johns–Manville Sales Corp.,* 677 F.2d 339, 342 (3d Cir.1982); *Dunbar v. Triangle Lumber and Supply Co.,* 816 F.2d 126, 128 (3d Cir.1987).

Given that dismissal with prejudice is so extreme, the *Poulis* Court outlined the following six factors to serve as a guide when considering involuntary dismissal motions:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis,* 747 F.2d at 868. The application of these factors to the case at bar illustrates that dismissal is not appropriate.

### A. Extent of Plaintiff's Personal Responsibility

Defendants argue this case should be dismissed because Plaintiff is personally responsible for the inactivity during the two years since his release from prison. *See generally Milligan v. Davidson,* No. CIV.A. 95–7693, 1996 WL 680134, * 6 (E.D.Pa. Nov.19, 1996) (finding Plaintiff personally responsible for delay where Plaintiff failed to participate in discovery by continually refusing to appear for depositions and IMEs).

Defendants cite *Harrelson v. United States,* 613 F.2d 114 (5th Cir.1980) in support of their argument. In *Harrelson,* the

plaintiff was ordered to show cause why the case should not be dismissed and, having notice of that hearing, did not appear before the Court. Additionally, the plaintiff in *Harrelson* "ha[d] forced various defendants in and out of court for almost five years and [ ] had a full opportunity to present and litigate his claim." *Id.* at 116.

*Harrelson* is not analogous to the instant case. Here, there are no allegations that Baxter failed to comply with court orders or that Plaintiff has been forcing different defendants in and out of court. Further, there are no allegations that Plaintiff has failed to appear for scheduled depositions or any other events. Moreover, Plaintiff has not had an opportunity to litigate his case. Thus, Defendants have not demonstrated that Plaintiff was personally responsible for a delay sufficient to justify dismissal of this action.

### B. *Prejudice to the Other Party*

Defendants also argue that this case should be dismissed because they will be unfairly prejudiced if this case is placed back on the active case list after such a long period of time. Defendants argue they will suffer prejudice because witnesses may not be available or their memories may be affected. However, any prejudice the Defendants may suffer in this regard is minimized because the pertinent parties gave statements on the day of the shooting, the police Detectives and the Sergeant who were at the scene filed reports at the time of the incident, and the parties have already taken the depositions of both the Plaintiff and Defendant Lutz.

Defendants have not demonstrated that they will suffer prejudice sufficient to support involuntary dismissal.

### C. *History of Dilatoriness*

Establishing a history of dilatory behavior requires showing a series of events that establish a pattern. *See Poulis,* 747 F.2d at 868 (noting consistent delays versus a one time occurrence as evidence of a pattern). For example, in *O'Connell v. McNeal,* No. CIV.A. 99–CV–0263, 2001 WL 872755, at *1 (E.D.Pa. July 3, 2001), the plaintiff disobeyed numerous court orders and missed many court deadlines, continuously causing delays. Similarly, in *Trexler v. Dombrow* the plaintiff failed to comply with defendant's discovery requests and violated court orders, causing continuous delays. 835 F.Supp. 247, 248 (E.D.Pa.1993).

Unlike those plaintiffs, Baxter has not on any occasion failed to meet court deadlines or stifled the momentum of this case by being unprepared, failing to comply with court orders, or requesting extensions of time. While there has been a delay in removing this case from civil suspense since the Plaintiff's release from prison, there is not a pattern or history of dilatoriness that requires involuntary dismissal.

### D. *Willful or Bad Faith Conduct*

Defendants imply that Plaintiff's failure to inform the Court of his release from prison was in bad faith. Additionally, Defendant Lutz argues that the failure by the Plaintiff and/or his counsel to respond to a letter and phone call from defense counsel in December, 2000 is further evidence of bad faith. However, Plaintiff argues that because of his parole status and his inability to leave New York, notifying the Court of his release made little sense, as he was still not able to pursue this litigation. Further, it was defense counsel who volunteered to notify the Court when the Plaintiff was released from prison.

Contumacious or bad faith behavior is that which flouts the authority of the courts. *See O'Connell,* 2001 WL 872755, at *2. The Court finds that, given the

Plaintiff's parole status, any failure to notify this Court of his release falls short of willful or contumacious behavior and does not support involuntary dismissal.

### E. Alternative Sanctions

There does not appear to be a need for sanctions in this case as the Defendants do not allege they have incurred any additional expenses while the case has been in civil suspense. Moreover, as previously discussed, there has been no willful or contumacious behavior on the part of the Plaintiff or his counsel, and the Defendants have not been prejudiced, thereby, negating the need for sanctions.

### F. Meritoriousness of the Claims

Finally, Defendants argue that Plaintiff's claims should be dismissed because they lack merit. A plaintiff's claim is "deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 869 (3d Cir.1984); *see also Milligan v. Davidson*, No. CIV.A. 95–7693, 1996 WL 680134, *6 (E.D.Pa. Nov. 19, 1996) (citing dismissal standard). Thus, "[i]n considering whether a claim or defense appears to be meritorious for this inquiry, we do not ... use summary judgment standards;" rather, the standard is one of a 12(b)(6) motion to dismiss. *Poulis*, 747 F.2d at 869–70.[1] Each defendant raises specific issues as to the meritoriousness of claims against them, and these will be dealt with in turn.

### 1. Claims against Defendant Lutz

Defendant Lutz argues that Plaintiff's claims against him are legally deficient because an accidental shooting does not support a claim for violation of the Fourth Amendment. *See generally Brower v. Inyo*, 489 U.S. 593, 596–97, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). However, in his Complaint, Plaintiff alleges the shooting was intentional. *See* Pl.'s Compl. at ¶¶ 20 and 44. Taking Plaintiff's allegations as true, which we must at this stage, Plaintiff has sufficiently pled a claim against Lutz.[2]

Lutz also argues that Plaintiff's § 1983 claim lacks merit because it is based on conclusory allegations. However, in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the Supreme Court determined that Fed.R.Civ.P. 8(a)(2), requiring "a short and plain statement of the facts," applies to § 1983 claims, and that heightened pleadings were only required in cases of fraud or mistake. 507 U.S. at 168, 113 S.Ct. 1160. Further, the Third Circuit has held that a § 1983 claim is properly pled if it "sufficiently alleges deprivation of any right secured by the Constitution." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996). Plaintiff has met this standard.

Additionally, Lutz alleges he is entitled to sovereign immunity on the state law claims as he was considered an employee of the Commonwealth of Pennsylvania at the time of the shooting because the Task Force was providing requested assistance to the Pennsylvania Attorney General's office. However, Plaintiff has alleged that Defendant Lutz was a County employee at

---

1. Defendants have attached deposition transcripts and other items to their Motions to Dismiss for Failure to Prosecute. However, we will not consider this additional evidence in resolving these Motions. *See Poulis*, 747 F.2d at 869–70.

2. Whether the shooting was intentional or accidental, as claimed by Lutz, is a factual question which is more properly considered in a summary judgment motion.

the time of the incident. *See* Pl.'s Compl. at ¶ 6.

At this time, the Court does not have before it the information necessary to determine whether Defendant Lutz is entitled to state immunity. *See, e.g.*, 42 Pa. C.S.A. § 8541 (providing immunity to employees of local governments in the performance of their duties) and 42 Pa.C.S.A. § 8953(d) (granting sovereign immunity to municipal employees providing assistance to state agencies). This question will be resolved at a later time when it is fully briefed and when the necessary facts are presented to the Court.

However, the Court will resolve two issues raised by Defendant Lutz. First, Defendant Lutz maintains that Plaintiff's claim can only be brought under the Fourth Amendment, not the Fifth or the Fourteenth, as the incident in question occurred during an arrest. Many courts have held that "the Fourth Amendment provides an explicit textual source of constitutional protection against" the use of excessive force and, therefore, claims alleging excessive force should be analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir.2000); *Mellott v. Heemer*, 161 F.3d 117, 121 (3d Cir.1998); *Martin v. City of Philadelphia*, No. CIV.A. 99–543, 2000 WL 1052150 (E.D.Pa. July 24, 2000). Accordingly, Plaintiff's claims against Defendant Lutz for violations of Plaintiff's Fifth and Fourteenth Amendment rights are dismissed.

Similarly, because suits against municipal employees in their official capacities are essentially suits against the municipality, which is already named as a party in this action, all the claims against Defendant Lutz in his official capacity are also dismissed. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Ruiz v. Philadelphia Housing Authority*, No. CIV.A. 96–7853, 1998 WL 159038 (E.D.Pa. March 17, 1998).

### 2. County Defendants [3]

Lancaster County echoes Defendant Lutz' argument that Lutz was considered a Commonwealth employee rather than a County employee at the time of the shooting and, therefore, the County is not liable and should not be a party to this lawsuit. However, as stated above, Plaintiff has properly pled that Lutz was a County employee. Whether Lutz was employed by the County or the State at the time of the incident and, thus, which immunity statute is properly applied to Lutz, will be resolved at the appropriate time.

Alternatively, the County argues any claims against it for failure to train, supervise, or discipline employees are deficient because the County had a policy in place at the time of the incident regarding the use of force and, thus, cannot be held liable for Lutz' violation of that policy. We will not dismiss the claims against the County on this basis at this time because the simple existence of a policy does not shield the County from liability. *See, e.g., Beck v. City of Pittsburgh*, 89 F.3d 966, 974 (3d Cir.1996) (mere existence of a policy does not shield the City from liability); *see also City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Andrews v. City of Philadelphia*, 895 F.2d

---

**3.** While not an appropriate consideration at this time as the issues have not been fully briefed, it appears the claims against the Lancaster County Drug Task Force may be dismissed because the Task Force is either an extension of the County or, if organized under the Attorney General's Office, deserving of sovereign immunity. The Court will entertain an appropriate motion on these issues.

1469, 1480 (3d Cir.1990); *Ruiz v. Philadelphia Housing Authority,* No. CIV.A. 96-7853, 1998 WL 159038, at *2-3 (E.D.Pa. March 17, 1998).

## CONCLUSION

An appropriate Order follows.

## ORDER

AND NOW, this day of August, 2002, upon consideration of Plaintiff's Motion to Remove from Civil Suspense and Defendants' Motions to Dismiss for Failure to Prosecute, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Remove from Civil Suspense is GRANTED and

2. Defendants' motions are GRANTED in part and DENIED in part as follows:

a) Plaintiff's claims against Defendant Lutz under the Fifth and Fourteenth Amendments are DISMISSED;

b) Plaintiff's claims against Defendant Lutz in his official capacity are DISMISSED; and

c) Defendants' Motions are DENIED in all other respects.