United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60618
Summary Calendar

RAYFIELD JOHNSON

Plaintiff - Appellant

v.

FORREST COUNTY SHERIFF'S DEPARTMENT; BILLY MAGEE, Sheriff;
DAVID ALLEN, Supervisor of Forrest County; LYNN CARTLIDGE,
Supervisor of Forrest County; JOHNNY DUPREE, Supervisor of
Forrest County; HARRY V. HICKMAN, JR., Supervisor of Forrest
County; CHARLES BOLTON, Forrest County Regional Jail Employee;
NICOLET ROBERTS

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:96-CV-291-PG
--------------------

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rayfield Johnson, Mississippi prisoner # R0955, appeals the denial of his FED. R. CIV. P. 60(b) motion, which we construe as an involuntary dismissal with prejudice of his Eighth Amendment claim for failure to prosecute and review for an abuse of discretion. See FED. R. CIV. P. 41(b); Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record supports our conclusion that the district court did not abuse its discretion. Johnson never prosecuted the Eighth Amendment claim or questioned its status during the five-year period in which he litigated his First Amendment claim in the district and appellate courts. A five-year period of total inactivity plainly constitutes a clear record of delay. See Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980). Consideration of the futility of lesser sanctions was unwarranted given Johnson's significant inactivity. See Veazey v. Young's Yacht Sale & Serv., Inc., 644 F.2d 475, 477 (5th Cir. 1981); see also Harrelson, 613 F.2d at 116.

We reject Johnson's contention that his Spears[**] hearing testimony should have prompted the magistrate judge to inquire further about the existence of claims other than his First Amendment claim. The magistrate judge does not have a duty to interrogate the pro se prisoner in such a way as to exhaust conceivable causes of action; Johnson was "the master of his complaint" and bore the ultimate responsibility for articulating his claims at the Spears hearing. See Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).

AFFIRMED.

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).