[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12811
Non-Argument Calendar

_____

D. C. Docket No. 08-60589-CV-WPD

CARL SHELL,

Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
TIM SCHWARTZ,
HOLLYWOOD HOUSING AUTHORITY,
U.S. ATTORNEY GENERAL DEPARTMENT OF JUSTICE,
U.S. ATTORNEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 2, 2009)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Carl Shell appeals the district court's dismissal of his civil complaint with prejudice and grant of an injunction barring him from filing future lawsuits based on his Section 8 housing benefits in the Southern District of Florida, unless he is represented by an attorney. For the reasons set forth below, we affirm.

## I.

On February 10, 1998, Shell signed a lease with a private landlord. On April 29, 2004, the landlord informed Shell that he was terminating Shell's lease and gave him 60 days in which to vacate the apartment. Shell failed to vacate the apartment within 60 days, and a final notice of eviction and writ of possession was signed by the deputy sheriff on August 13, 2004. On September 23, 2004, the Hollywood, Florida Housing Authority ("HHA"), the local public housing authority ("PHA") charged with administering HUD's Section 8 Housing Choice Voucher program, informed Shell that his Section 8 subsidy would be terminated on September 30, 2004, because he had been evicted from his unit for a serious lease violation.

Shell initiated a Fair Housing complaint with HUD, alleging that the HHA's termination of his Section 8 benefits was in retaliation for assistance he had provided to Judy Copeland, another participant in the Housing Choice Voucher Program. HUD investigated Shell's complaint of illegal retaliation and issued a

2

"no cause determination." In March 2008, HUD informed Shell of this determination, as well as his right to file a lawsuit in federal or state court, or to request reconsideration of the no cause determination. Shell requested reconsideration of HUD's decision and, on June 30, 2008, HUD affirmed its initial no cause determination.

*HUD*

Shell's amended complaint set forth two claims. In Count I, Shell asserted that he was filing suit against HUD's Miami Field Office under the Administrative Procedure Act ("APA"), based on its failure to investigate a complaint he made under 24 C.F.R. § 903.25 and 42 U.S.C. § 1437c-1. In Count II, Shell asserted a claim of "civil conspiracy by coercion" against the HHA and Tim Schwartz, an employee of HHA, under 42 U.S.C. § 1983 and the Fourteenth Amendment. He asserted that the conspiracy resulted in violations "of federal regulation, statutory law and constitutional law" under 24 C.F.R. 903.25; 42 U.S.C. 1437c-1; and 24 C.F.R. 982.552(b)(2). Shell contended that the "defendants had some type of agreement with Tim Schwartz, employee of [the HHA] to not investigate" his complaint. He asserted that the conspiracy was conducted in retaliation for a Fair Housing complaint he filed on behalf of Copeland.

HUD filed a motion to dismiss Shell's amended complaint, pursuant to

Fed.R.Civ.P. 12(b)(1) and (b)(6). First, HUD asserted that the actions alleged in Count I were not reviewable under the Administrative Procedure Act ("APA"), because its no cause determination was not made reviewable by statute. It also asserted that 42 U.S.C. § 3613(a)(2) provided Shell with a direct remedy in federal or state court. Next, HUD argued that Shell's tort claim in Count II was not cognizable under the FTCA, because a plaintiff's recovery under the FTCA "is limited to the amount of the administrative claim." It noted that Shell "ha[d] not alleged any FTCA administrative claim filed with HUD" and, therefore, had not exhausted his administrative remedies under the FTCA. It argued that, even if Shell had exhausted his administrative remedies, he could not bring suit against the United States government, because the government had not waived its sovereign immunity.

Shell filed a response to the government's motion to dismiss, asserting that his amended complaint did not seek any relief regarding his Fair Housing complaint. Instead, he asserted that his amended complaint alleged a failure to investigate a complaint made under 42 U.S.C. § 1437c-1 and 24 C.F.R. § 903.25. He asserted that the second claim set forth in his amended complaint was not a tort claim, but instead, was brought pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983.

4

On February 25, 2009, the district court issued an order dismissing Counts I and II of Shell's complaint without prejudice. With respect to Count I, the court found that, under the APA, agency actions are reviewable only if made reviewable by statute or if there is no other adequate remedy in court. It noted that HUD's no cause determination was not made reviewable by statute and that Shell had a remedy, pursuant to 42 U.S.C. § 3613(a)(2), which he was already pursuing in the United States District Court for the Southern District of Florida. The court further noted that neither 24 C.F.R. 903.25 nor 42 U.S.C. § 1437c-1 provide a private right of action. With respect to Count II, the court found that "no cause of action [wa]s properly pled," because Shell "ha[d] not alleged how HUD, if it were a private person or entity, would owe a duty to him in a nonfederal context." The court dismissed Shell's amended complaint without prejudice to refile on or before March 9, 2009.

*HHA and Schwartz*

Shell's amended complaint, described above, added the HHA and Schwartz as defendants. Schwartz and the HHA (the "Hollywood defendants") also filed a motion to dismiss Shell's amended complaint. The Hollywood defendants argued that Shell's complaint failed to meet the pleading standard set forth in Fed.R.Civ.P. 8, and his claim for civil conspiracy failed to state a cause of action upon which

5

relief may be granted. They noted that 42 U.S.C. § 1437c-1, 24 C.F.R. § 903.25, and 24 C.F.R. § 982.552(B)(2) do not provide a private right of action and that Shell failed to allege "any overt act on HHA or Schwartz's part in furtherance of the conspiracy."

The Hollywood defendants also filed a motion for order to show cause why the court should not enter a Martin-Trigona[1] injunction against Shell, requiring that he submit future complaints and petitions to the court for review before being permitted to proceed. They asserted that Shell had filed at least nine separate complaints involving the termination of his Section 8 benefits, and that at least four separate adjudications on the merits had been entered against him. The Hollywood defendants argued that Shell's present complaint asserted meritless claims and "serve[d] only to harass the employees of the HHA, and drain HHA's resources." They outlined prior cases filed by Shell in both state and federal court, noting that, since July 8, 2004, Shell had commenced 14 separate suits against the HHA or its employees, resulting in 8 adjudications against Shell. They asserted that the majority of the suits were duplicative, as nine of his suits sought relief for the same

---

[1]In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985) (upholding an injunction issued by the district court which required Martin-Trigona to seek leave of the court if he wished to initiate any new proceeding in any federal court, and prevented Martin-Trigona from initiating lawsuits in any court against parties that had been involved in litigation with him in bankruptcy court, the District Court for the District of Connecticut, or the Second Circuit Court of Appeals).

alleged wrongful termination of benefits, and three of those suits were dismissed on grounds of res judicata. The defendants argued that Shell's suits were also "vexatious in nature," noting that Shell had filed approximately 68 motions, including approximately 23 motions for rehearing and 3 motions to recuse the judge in the present suit.

On April 21, 2009, the district court granted the Hollywood defendants' motion to dismiss the amended complaint. It noted that, under 28 U.S.C. § 1915(e)(2), it could dismiss an in forma pauperis proceeding if it determined that the action was frivolous or failed to state a claim on which relief could be granted. With respect to Count I of Shell's complaint – Shell's claim against HUD for failure to investigate, brought under the APA – the court explained that it had jurisdiction over agency action made reviewable by statute or final agency action for which there was no other adequate remedy. It noted that Shell "can and has pursued the alleged discriminatory parties in numerous other suits filed in state and federal court." It also noted that Section 701(a) of the APA provides that there is no judicial review of an agency action that "is committed to agency discretion." Thus, the court found that it had no jurisdiction to review Shell's failure to investigate claim, because "HUD's actions in how to respond to [Shell's] complaints regarding the HHA were committed to agency discretion."

With respect to Count II, the court found that "[t]he only basis for a civil tort claim of conspiracy against HUD would be under the Federal Tort Claims Act . . . [h]owever, [Shell] has not alleged the filing of a Federal Tort Claim as to any tort committed by HUD employees. Therefore, there has not been an exhaustion of administrative remedies." It further noted that both the Fourteenth Amendment and 42 U.S.C. § 1983 provide a cause of action only against state governments and state actors, not the federal employees and agencies named in Shell's suit. The court also determined that Count II of Shell's complaint "failed to allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of' a conspiracy." The district court dismissed Shell's suit with prejudice pursuant to 28 U.S.C. § 1915(e)(2), noting that Shell had been given three previous chances to state his claims but failed to cure the previous deficiencies.

On April 27, 2009, the district court entered a Martin-Trigona injunction against Shell. It determined that Shell's numerous prior lawsuits based "on the singular issue of the termination of his Section 8 housing benefits" impaired "the Court's ability to efficiently carry out its functions." It noted that all of Shell's lawsuits had been filed in forma pauperis, and that none of the suits had led to a trial on the merits. The court specifically stated that it would not "curtail . . . Shell's overall access to the court" by "barr[ing him] from all litigation, nor even

8

any litigation in regards to his Section 8 housing benefits." Instead, it barred Shell from filing any new lawsuits, actions, proceedings, or matters in the Southern District of Florida in relation to his Section 8 housing benefits unless he was represented by an attorney.

## II.

*Jurisdiction Over Shell's Claims Against HUD*

HUD argues that it is not clear whether we have jurisdiction to hear Shell's appeal from the district court's order dismissing Shell's claims against HUD, because Shell never filed a notice of appeal of the order dismissing those claims against HUD.

We review our subject matter jurisdiction de novo. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). "Absent the filing of a timely notice [of appeal], [we do] not have jurisdiction over the appeal." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1272 (11th Cir. 2001). Fed.R.Civ.P. 54 provides that,

> [w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of

9

the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b).

Shell filed the present notice of appeal on May 21, 2009. This notice of appeal designated, inter alia, (1) the district court's dismissal of the claims against HUD, (2) the district court's dismissal of the claims against the HHA and Schwartz, and (3) the grant of the Martin-Trigona injunction, as orders being appealed. Although this notice of appeal was filed more than 60 days after the order dismissing Shell's claims against HUD, we would not have had jurisdiction to consider Shell's arguments with respect to that order, because that order did not resolve the claims against all parties and, therefore, was not a final, appealable order. See Citizens Concerned About Our Children v. School Bd. of Broward County, Fla., 193 F.3d 1285, 1289 (11th Cir. 1999) (noting that, "a judgment that eliminates fewer than all of the claims or parties is not a final, appealable judgment); Fed.R.Civ.P. 54 (b). A final judgment disposing of all claims against all parties was entered on April 21, 2009, and the May 21st notice of appeal was timely as to this judgment.

*Dismissal of Claims Against HUD*

We review de novo the district court's grant of a motion to dismiss under

10

Fed.R.Civ.P. 12(b)(6). See Berman v. Blount Parrish & Co., Inc., 525 F.3d 1057, 1058 (11th Cir. 2008). Under the APA, a district court may not review the decision of an agency if "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). This section precludes review if the "statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1985).

42 U.S.C. § 1437c-1 requires public housing agencies to submit to HUD a five-year plan and an annual plan, and it sets forth topics to be included in these reports. 42 U.S.C. § 1437c-1. It states that "the Secretary shall . . . provide an appropriate response to any complaint concerning noncompliance by a public housing agency with the applicable public housing agency plan" and, if the Secretary determines that a public housing agency is not complying with the plan, it shall "take such actions as the Secretary determines to be appropriate to ensure such compliance." 42 U.S.C. § 1437c-1(l)(2)(A)-(B). 24 C.F.R. § 903.25 provides that "HUD shall, as it deems appropriate, respond to any complaint concerning PHA's noncompliance with its plan. If HUD should determine that a PHA is not in compliance with its plan, HUD will take whatever action it deems necessary and appropriate." 24 C.F.R. § 903.25.

The district court did not err in determining that 5 U.S.C. § 701(a)(2) precludes review of HUD's actions under 42 U.S.C. § 1437c-1 and 24 C.F.R. § 903.25. Section 1437c-1 grants the Secretary discretion to determine what actions are "appropriate to ensure" compliance with a PHA's plan. See 42 U.S.C. § 1437c-1(l)(2)(B). Similarly, 24 C.F.R. § 903.25 provides that "HUD will take whatever action it deems necessary and appropriate" if it determines that a PHA is not complying with its plan. See 24 C.F.R. § 903.25. Therefore, under both § 1437c-1 and § 903.25, "agency action is committed to agency discretion by law" and "a court would have no meaningful standard against which to judge the agency's exercise of discretion." See 5 U.S.C. § 701(a)(2); Chaney, 470 U.S. at 830, 105 S.Ct. at 1655.

Furthermore, 5 U.S.C. § 704 precludes judicial review of agency actions unless those actions are "made reviewable by statute" or "there is no other adequate remedy in a court." 5 U.S.C. § 704. As the district court noted, 42 U.S.C. § 3613(a) provided Shell with an adequate remedy in court. See 42 U.S.C. § 3613(a)(1) (providing that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing

12

practice"). Shell points to no statutes which provide for judicial review of HUD's actions under 42 U.S.C. § 1437c-1 and 24 C.F.R. § 903.25. Accordingly, we affirm the district court's dismissal of Shell's claims against HUD.

### *Dismissal of Claims Against the Hollywood Defendants*

We review a dismissal under 28 U.S.C. § 1915(e)(2)(B) de novo, viewing the allegations in the complaint as true. Douglas v. Yates, 535 F.3d 1316, 1319-20 (11th Cir. 2008). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Pursuant to 28 U.S.C. § 1915(e)(2), a district court may dismiss a case filed in forma pauperis at any time if it "is frivolous or malicious; . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Phillips v. Mashburn, 746 F.2d 782, 784 (11th Cir. 1984).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

13

"To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy." Bailey v. Bd. of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) (internal quotations omitted). Similarly, the Fourteenth Amendment applies only to states and state actors, not federal agencies or employees. See U.S. CONST. amend. XIV, § 1 (providing that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws").

"In civil rights actions . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. . . . A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." Id. at 557.

The district court did not err in dismissing Shell's claim against the Hollywood defendants, because Shell could not prove any set of facts in support of his Fourteenth Amendment and 42 U.S.C. § 1983 claims that would entitle him to relief. See Harmon, 728 F.2d at 1409. Shell cannot show that the Hollywood

14

defendants violated the Fourteenth Amendment, because that amendment applies only to state action, and the defendants are a federal agency and a federal employee. See U.S. CONST. amend. XIV, § 1. Shell has also failed to state a claim under 42 U.S.C. § 1983, because neither of the defendants were acting under color of state law, since their actions were performed on behalf of a federal agency distributing federal benefits. Furthermore, Shell's conspiracy claim consists of "vague and conclusory" allegations. See Fullman, 739 F.2d at 556-57. Shell simply alleges that the HHA and Schwartz engaged in a "civil conspiracy by coercion" by agreeing not to investigate his complaint. He fails to explain what complaint the defendants failed to investigate or how the defendants conspired with one another. His bare assertion that a conspiracy occurred is insufficient to state a claim. See id. at 557. Finally, the district court did not err in dismissing Shell's complaint with prejudice. Shell had been granted previous opportunities to amend his complaint. Shell did file one amended complaint and, much later, a second amended complaint, although this was filed out-of-time. Instead of meaningfully amending his complaint, Shell filed numerous motions, responses, and interlocutory appeals. In dismissing Shell's complaint, the district court specifically noted that Shell had been given three prior opportunities to state his claims, but failed to cure the noted deficiencies. In light of Shell's prior attempts

15

to amend his complaint, the district court did not err in dismissing Shell's complaint with prejudice.

*Grant of Injunction*

We review the district court's decision to grant an injunction for an abuse of discretion. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004). "[F]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Martin-Trigona v. Shaw, 986 F.2d 1384, 1386-87 (11th Cir. 1993) (quoting Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986)). "The only restrictions this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from <u>any</u> access to the court.'" Id. at 1387 (citing Procup, 792 F.2d at 1074). We afford the district courts considerable discretion in drafting such injunctions. Id.

In Procup, we struck down an injunction imposed by the district court that prevented a litigant from filing any case with the district court unless the complaint was submitted by an attorney. Procup, 792 F.2d at 1070. We determined that the injunction was overbroad, because it would effectively prevent Procup from filing "any suits at all," based on Procup's track record with filing frivolous suits and the

16

fact that many attorneys in the legal services office had already been named as defendants in Procup's suits. Id. at 1070-71. In vacating the injunction and remanding to the district court, we noted with approval that other courts had "enjoined prisoner litigants from relitigating specific claims or claims arising from the same set of circumstances." Id. at 1072.

We have also addressed the validity of an injunction remarkably similar to the injunction imposed on Shell. In Harrelson, the former Fifth Circuit upheld an injunction that prevented a complainant from "instituting any further action based on the facts which were alleged in" a complaint that was dismissed for failure to prosecute. Harrelson v. United States, 613 F.2d 114, 115 (5th Cir. 1980). After noting that the plaintiff had "forced various defendants in and out of court for almost five years and . . . had a full opportunity to present and litigate his claims," we determined that the district court did not abuse its discretion in issuing the injunction. Id. at 116.

Here, the district court did not abuse its discretion in imposing some type of injunction. The district court referenced at least seven cases that had been filed by Shell against the HHA since May 20, 2004, all of which had been dismissed, many on grounds of res judicata. Furthermore, a review of the docket sheet shows that, in this case alone, Shell filed a total of 34 motions, including 12 motions for

17

rehearing or reconsideration, and three interlocutory appeals, which were either dismissed by this Court or voluntarily dismissed. Furthermore, in contrast to the district court in Procup, the district court in this case imposed two significant limitations on the injunction. First, the injunction applied only to suits filed in the District Court for the Southern District of Florida. Second, and more importantly, the injunction applied only to suits based on Shell's Section 8 housing benefits. In Procup, we indicated that an injunction that enjoined litigants "from relitigating specific claims or claims arising from the same set of circumstances" would be acceptable, because it would not completely foreclose all access to the court. See Procup, 792 F.2d at 1072, 1074. Moreover, in Harrelson, the Fifth Circuit upheld an injunction remarkably similar to the one imposed against Shell. See Harrelson, 613 F.2d at 115-16. Accordingly, we affirm the district court's imposition of the injunction.

**AFFIRMED.**