[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13380

Non-Argument Calendar

_____

ANGELA W. DEBOSE,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
THIRTEENTH JUDICIAL CIRCUIT,
RONALD FICARROTTA,
Chief Judge, in official capacity,
ELIZABETH GADDY RICE,
GREGORY P. HOLDER, et al.,
Individually and Official Capacities,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02127-SDM-AAS

———————————

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Angela Debose, a licensed attorney proceeding *pro se*,[1] appeals the district court's dismissal of her second amended complaint. Debose asserts the court abused its discretion when it imposed a limited injunction enjoining her from filing further lawsuits about her employment at the University of South Florida (USF) without the signature of an attorney barred in Florida or the Middle District of Florida. Debose also contends the court erred in granting the Appellees' motion to dismiss based on *res judicata*. After review,[2] we affirm the district court.

---

[1] Although *pro se* pleadings are normally liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), that rule does not apply to a licensed attorney, *see Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

[2] We review an injunction against litigants who abuse the court system for an abuse of discretion. *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). "The exercise of the court's inherent powers is reviewed for abuse of discretion." *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002). "Because *res judicata* determinations are pure questions of law, we review them *de*

## I. DISCUSSION

### A. Limited Injunction

Federal courts have the power to manage their own dockets. *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). That power "includes broad discretion in deciding how best to manage the cases before them." *Id.* (quotation marks omitted). The Supreme Court has stated a litigant's constitutional right of access may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings. *In re McDonald*, 489 U.S. 180, 184 (1989). District courts possess the power to issue pre-filing injunctions "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). We have explained a court has "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others" and a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief" as long as he is not "completely foreclosed from *any* access to the court." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (*en banc*) (emphasis in original).

The district court did not abuse its discretion by granting a limited injunction against Debose from filing further lawsuits about her employment at USF without the signature of a lawyer barred in Florida or the Middle District of Florida. The court found

---

*novo."* *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004).

Debose had brought a multitude of prior claims in both federal and state court regarding the same issues and same Appellees. *See Martin-Trigona*, 986 F.2d at 1387. While Debose argues the injunction violated her rights, the injunction did not completely foreclose her from filing any new claims because it allows her to file claims regarding her employment at USF as long as an attorney signs off on the filing. *See Procup*, 792 F.2d at 1074. The court also did not abuse its discretion by using its inherent authority to issue this injunction as it is allowed to control its own dockets. *See Smith*, 750 F.3d at 1262.

B. *Res Judicata*

*Res judicata* bars the parties to a prior action from relitigating the same causes of action that were, or could have been, raised in that prior action, if that action resulted in a final judgment on the merits. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). *Res judicata* "generally applies not only to issues that were litigated, but also to those that should have been but were not." *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 586 (11th Cir. 1983). The bar applies where four factors are shown: (1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) both cases involve the same parties or their privies, and (4) both cases involve the same causes of action. *In re Piper Aircraft Corp.*, 244 F.3d at 1296.

As to the third factor, we have explained "privity" comprises several different types of relationships and generally applies "when a person, although not a party, has his interests adequately

22-13380                Opinion of the Court                5

represented by someone with the same interests who is a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004). As to the fourth factor, "[i]n general, cases involve the same cause of action for purposes of *res judicata* if the present case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992) (quotation marks omitted). "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *In re Piper Aircraft Corp.*, 244 F.3d at 1297 (quotation marks omitted). "The test for a common nucleus of operative fact is whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (quotation marks omitted).

The court did not err when it granted the USF Board of Trustees and its members, Greenberg Traurig, P.A., and Richard McCrea's motion to dismiss based on *res judicata*. Debose's prior state and federal cases had final judgments on the merits. *See In re Piper Aircraft Corp.*, 244 F.3d at 1296. The previous state court and federal court cases involved the same parties or their privies. *See Penco Aeroplex*, 383 F.3d at 1286. In Debose's previous complaints, she sued the USF Board of Trustees and its members, Greenberg Traurig, and McCrea. All of Debose's cases arose out of the same nucleus of operative facts as the current case because all of Debose's claims concern or stem from her employment and firing from USF. *See Israel Disc. Bank Ltd.*, 951 F.2d at 315. Therefore, the

district court did not err when it found *res judicata* barred all of Debose's claims against the USF Board of Trustees and its members, Greenberg Traurig, and McCrea.

## II. CONCLUSION

The district court did not abuse its discretion when it granted a limited injunction against Debose from filing further lawsuits about her employment at USF without the signature of a lawyer barred in Florida or the Middle District of Florida. The district court also did not err when it granted the USF Board of Trustees and its members, Greenberg Traurig, and McCrea's motion to dismiss based on *res judicata*. Accordingly, we affirm.[3]

**AFFIRMED.**

---

[3] Debose did not raise the issue of whether the court erred in granting the United States and Thirteenth Circuit's motion to dismiss for absolute immunity on appeal and thus abandoned that argument. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed"). Debose did not discuss the court's ruling granting judicial and sovereign immunity in her initial brief, only discussing it in her reply brief, and has also abandoned that argument. *See id.* at 682-83 (explaining an appellant also abandons a claim when, among other things, she raises it for the first time in her reply brief).